# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID JOHN MCGUIGAN,

    Petitioner,

v.

UNITED STATES OF AMERICA, et al.,

    Respondents.
_____/

CASE NO. 8:08-cv-2430-T-27TBM
CRIM. CASE NO. 8:07-cr-83-T-27TBM

## **O R D E R**

Petitioner, an inmate in a Federal penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (CV Dkt. 1). Petitioner has also filed fifteen separate motions requesting various forms of relief (*See* CV Dkts. 2, 3, 4, 6, 8, 10, 12, 14, 15, 19, 23, 24, 25, 26, 28, 29).

### Background

Petitioner was charged by Information with one count of conspiracy to commit wire fraud (CR Dkt. 1). On April 11, 2007, Petitioner, represented by counsel, appeared before a federal magistrate judge and, pursuant to a negotiated plea agreement, *see* CR Dkt. 3, entered a plea of guilty to Count One of the Information (CR Dkt. 12). Petitioner was sentenced on November 30, 2007, to serve a 41-month term of imprisonment followed by a 36-month term of supervised release (CR Dkt. 23). Petitioner did not appeal his judgment of conviction or sentence.

Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on

December 4, 2008 (CV Dkt. 1).[1] In light of the holding in *Castro v. United States*, the Court may not convert a petitioner's document into a § 2255 application without a certain notice being given. 277 F.3d 1300, 1305 (11th Cir. 2002) (district court must apprize "all defendants of the circumstances that may impair or preserve their right to habeas review"). The Court entered an order consistent with the *Castro* decision, explaining to Petitioner that a motion filed pursuant to 28 U.S.C. § 2255 is generally the proper means to challenge the imposition or length of the detention that is the result of a criminal conviction and the application of the statutory provisions regarding successive petitions (CV Dkt. 18). *See Sawyer v. Holder*, 326 F.3d 1363, 1365 n.3 (11th Cir. 2003). The Court further explained that the law provides that an inmate convicted of a federal crime may not file a petition for habeas corpus unless the inmate can show that the remedies available under § 2255 are ineffective or unavailable. *See Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). Having been thus advised, Petitioner informed the Court that he wishes to proceed pursuant to § 2255 (CV Dkt. 22).

## Discussion

**Amend § 2255 motion**

The Rules Governing Section 2255 Proceedings, which have been adopted in this district, require that the motion be submitted in substantially the form annexed to the rules. See Rule 2(d), Rules Governing Section 2255 Proceedings (2008). Courts having a large volume of habeas actions, as does this Court, save valuable time if the required forms are used. Use of the prescribed forms

---

[1] Although the Court received Petitioner's § 2255 motion on December 8, 2008, Petitioner certified that he mailed his § 2255 motion on December 4, 2008 (CV Dkt. 1 at 43). In this circuit, a § 2255 motion and documents related thereto are deemed "filed" when it is surrendered to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 273 (1988). Accordingly, the Court considers Petitioner's § 2255 motion filed on December 4, 2008.

likewise assists petitioners in presenting their claims and avoiding omission of information necessary for the Court to consider in addressing the issues raised. Therefore, Petitioner will be required to submit an amended rule §2255 motion on the enclosed court-approved form.

Petitioner is cautioned that all arguments he desires to present in support of the claims in his §2255 motion must be presented in the amended motion as the amended motion will supersede the motion filed on December 4, 2008. Petitioner is further cautioned that although the amended §2255 motion will relate back to the earlier filed motion for purposes of timeliness, any new claims Petitioner may attempt to assert in the amended motion may not relate back to his original §2255 motion and may now be time-barred. Petitioner must set forth with specificity each of his claims for relief and a brief statement of the facts supporting each claim. Mere references to claims raised in documents filed in this proceeding or other proceedings will not suffice.

**Emergency Motion for Bond for Writ of Habeas Corpus**

Petitioner filed an Emergency Motion for Bond for Writ of Habeas Corpus (CV Dkt. 2) in which he asks the Court to order his immediate release from incarceration so that he can obtain documents stored in a warehouse which he claims will prove his innocence. Petitioner also filed his "Consideration of Restatement of Recognizant Bond for Petitioner to be Free from Current Confinement" (CV Dkt. 24) in which Petitioner asserts that he is entitled to be released from incarceration while awaiting a ruling on his § 2255 motion, and to secure evidence to prove his innocence.

18 U.S.C. § 3143(b)(1) states:

Release or detention pending appeal by the defendant.
(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of

imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)]; and
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)], except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

§ 3143 authorizes the Court to grant bail pending appeal or a petition for a writ of certiorari. § 3143 does not authorize the Court to order Petitioner's release while his § 2255 motion is pending. *See, e.g., Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985)(18 U.S.C. § 3143(b) is inapplicable to a convicted defendant who is seeking postconviction relief under 28 U.S.C. § 2255). However, "it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975). Nonetheless, "[b]ail should be granted to a...prisoner pending post-conviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th

4

Cir. 1974). Petitioner fails to demonstrate exceptional circumstances necessitating his release.[2] Moreover, the Court finds that Petitioner has not "raised substantial constitutional claims upon which he has a high probability of success" especially in light of the fact that Petitioner pleaded guilty, and therefore waived all non-jurisdictional defects in the proceedings. Accordingly, Petitioner's motions to be released on bond will be denied.

**Motion to Proceed In Forma Pauperis**

Petitioner seeks leave to proceed in this matter *in forma pauperis* (CV Dkt. 3). Because the matter is effectively a continuation of the Petitioner's criminal proceedings, no filing fee is assessed. Therefore, it is not necessary that Petitioner seek leave to proceed in forma pauperis.

**Motions for Recusal of District Judges**

Petitioner moves the Honorable Susan C. Bucklew and the Honorable Elizabeth A. Kovachevich to recuse themselves from this action (CV Dkts. 4, 6). Because neither Judge Bucklew or Judge Kovachevich is the District Judge assigned to this action, the motions will be denied.

**Motions to Prohibit Participation of Assistant United States Attorneys**

Petitioner moves the Court to prohibit Assistant United States Attorneys Jay G. Trezevant, Michael E. Runyon, and Rachelle Des Vaux Bedke from participating in this action because Petitioner has named them as Respondents in this action, and because he believes they have a conflict of interest since they allegedly committed fraud upon the court during his criminal proceedings (CV Dkts. 8, 10, 12). Because none of the aforementioned Assistant United States

---

[2]For instance, Petitioner fails to show that he is unable to obtain the documents he seeks through means other than his release from incarceration.

Attorneys has filed a notice of appearance in this action, Petitioner's motion will be denied without prejudice.

**Motions for Discovery**

On December 8, 2008, Petitioner filed his Motion for Discovery for Writ of Habeas Corpus (CV Dkt. 14). However, on January 6, 2009, Petitioner filed his Motion to Strike and Remove Docket No. 14 With Its Replacement (CV Dkt. 25) in which Petitioner moves to withdraw his previously filed discovery motion (See CV Dkt. 14) and replace it with a new motion for discovery (See CV Dkt. 26). In light of the fact that he must file an amended § 2255 motion, Petitioner's motion for discovery will be denied without prejudice to Petitioner's refiling a motion for discovery after he has filed his amended § 2255 motion, and the Court has had an opportunity to conduct its preliminary review of the amended § 2255 motion. *See* Rule 4, Rules Governing Section 2255 Proceedings (2008).

**Motions for Default Judgment**

Petitioner filed his Motion for Summary Judgment on Emergency Writ of Habeas Corpus (CV Dkt. 15), and Motion for Dismissing Case and Release of Petitioner Due to Forfeiture (CV Dkt. 19) in which he argues that he is entitled to judgment as a matter of law because Respondents have failed to timely file a response to his § 2255 motion. The Court construes Petitioner's motions as motions for a default judgment. In light of the fact that the Court has ordered Petitioner to file an amended § 2255 motion, Petitioner's motions for a default judgment will be denied as moot.

**Motion of Clarification**

Petitioner filed his Motion for Clarification and a memorandum of law in support of the

motion (Dkt. 23). After reviewing the motion, the Court is unable to determine the precise relief Petitioner seeks in the motion. Local Rule 3.01(a) states in pertinent part that "[I]n a motion or other application for an order, the movant shall include a concise statement *of the precise relief requested...*" (emphasis added). Accordingly, the Court will deny Petitioner's motion without prejudice to Petitioner's filing a motion on the matter in which he clearly indicates the precise relief he seeks.

**Motion to Timely Respond to Discovery**

Petitioner filed his Motion to Timely Respond to Discovery in which he requests the Court to order the Respondents to file their response to his discovery requests on or before January 15, 2009 (CV Dkt. 28). Because the Court has denied Petitioner's motion for discovery, *supra*, Petitioner's Motion to Timely Respond to Discovery will be denied.

**Emergency Motion for Temporary Injunction**

Petitioner has filed his "Emergency Motion for Temporary Injunction for David John McGuigan Until This Case Has Been Resolved" in which he asks the Court to prohibit the Bureau of Prisons form transferring him from Coleman Federal Correctional Institution to another federal correctional institution until after the conclusion of this action (CV Dkt. 29). Petitioner asserts that if he is transferred, it will have a detrimental effect on his ability to litigate this action and delay the resolution of the case. Petitioner has failed to demonstrate that if he is relocated to another correctional facility that he will be unable to litigate this action, or that a transfer will delay resolution of the matter. Moreover, the Court will not interfere with the Bureau of Prison's discretionary authority to transfer prisoners. *See, Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983) (the Bureau of Prisons "has the discretion to transfer federal

prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all.")(citations omitted); *Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006)("There is no question that [18 U.S.C.] § 3621(b) provides the BOP with broad discretion to choose the location of an inmate's imprisonment."). Accordingly, Petitioner's motion for a temporary injunction will be denied.

ACCORDINGLY, the Court **ORDERS** that:

1. The **Clerk** shall transmit two copies of the form for use in §2255 cases to Petitioner.

2. Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the instructions on the enclosed form. Petitioner must set forth with **specificity** each of his <u>claims for relief</u> **and** a brief <u>statement of the facts</u> which support the claim(s). <u>Failure to comply with the terms of this order within the allotted time shall result in the automatic</u> **dismissal** of this case **without further notice.**

3. Petitioner's Emergency Motion for Bond for Writ of Habeas Corpus (CV Dkt. 2), and "Consideration of Restatement of Recognizant Bond for Petitioner to be Free from Current Confinement" (CV Dkt. 24) are **DENIED**.

4. Petitioner's Motion to Proceed *In Forma Pauperis* (CV Dkt. 3) is **DENIED** as unnecessary.

5. Petitioner's motions for recusal (CV Dkts. 4 & 6) are **DENIED**.

6. Petitioner's motions to prohibit Assistant United States Attorneys Trezevant, Des Vaux Bedke, and Runyon from appearing as counsel in this action (CV Dkts. 8, 10 & 12) are **DENIED** without prejudice.

7. Petitioner's Motion to Strike and Remove Docket No. 14 With Its Replacement (CV Dkt. 25) is **GRANTED**.

8. Petitioner's Motion for Discovery (CV Dkt. 14) is **DENIED** as moot.

9. Petitioner's Motion for Discovery (CV Dkt. 26) is **DENIED** without prejudice.

10. Petitioner's Motion for Summary Judgment on Emergency Writ of Habeas Corpus (CV Dkt. 15), and Motion for Dismissing Case and Release of Petitioner Due to Forfeiture (CV Dkt. 19) are **DENIED**.

11. Petitioner's Motion of Clarification (CV Dkt. 23) is **DENIED** without prejudice.

12. Petitioner's Motion to Timely Respond to Discovery (CV Dkt. 28) is **DENIED**.

13. Petitioner's "Emergency Motion for Temporary Injunction for David John McGuigan Until This Case Has Been Resolved" (CV Dkt. 29) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 20th, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc

Copy to: Petitioner *pro se*
United States Attorney